AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT JUN 20 PM 3: 01
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 1987) |
| Rigoberto Hernandez Romero -1 | Case Number: 14-cr-01023-JAH-1 |
| | Gary Paul Burcham |
| | Defendant's Attorney |

REGISTRATION NO. 46838298

☐

THE DEFENDANT:

☒ pleaded guilty to count(s) One of the Information.

☐ was found guilty on count(s)_____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 31:5332(a)(b); 31:5317(c); 31:5332(b)(2) | Bulk Cash Smuggling | 1 |

The defendant is sentenced as provided in pages 2 through ____2____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ is ☐ are ☐ dismissed on the motion of the United States.

☒ Assessment: $100.00 waived.

☒ No fine          ☒ Forfeiture pursuant to order filed ____6/16/14____ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

June 16, 2014
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

14-cr-01023-JAH-1

AO 245B (CASD) (Rev. 4/14)   Judgment in a Criminal Case
    Sheet 2 — Imprisonment

Judgment — Page    2    of    2

DEFENDANT: Rigoberto Hernandez Romero  -1
CASE NUMBER: **14-cr-01023-JAH-1**

## IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of
One hundred twenty days.

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.   ☐ p.m.   on _____ .

    as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**14-cr-01023-JAH-1**

14 JUN 16 PM 3:00

~~CLERK, U.S. DISTRICT COURT~~
~~SOUTHERN DISTRICT OF CALIFORNIA~~

OS                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 14cr1023-JAH |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| RIGOBERTO HERNANDEZ ROMERO, | |
| Defendant. | |

WHEREAS, in the Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant, RIGOBERTO HERNANDEZ ROMERO ("Defendant"), pursuant to 31 U.S.C. §§ 5317(c) and 5332(b)(2) as currency concealed in defendant's pants pockets and taped to his ankles, and transported, transferred or attempted to transport or transfer such currency from a place within the United States to a place outside the United States, to wit, the Republic of Mexico, with the intent to evade a currency reporting requirement in violation of 31 U.S.C. § 5332(a) and (b) as charged in the Information; and

//

1  WHEREAS, on May 8, 2014, the Defendant pled guilty
2  before Magistrate Judge Jill L. Burkhardt to the
3  Information; and

4  WHEREAS, on _____, this Court accepted
5  Defendant's guilty plea; and

6  WHEREAS, by virtue of the facts set forth in the plea
7  agreement, the United States has established the requisite
8  nexus between the forfeited property and the offense; and

9  WHEREAS, by virtue of said guilty plea, the
10  United States is now entitled to possession of said
11  property, pursuant to 31 U.S.C. §§ 5317(c) and 5332(b)(2)
12  and Rule 32.2(b) of the Federal Rules of Criminal
13  Procedure; and

14  WHEREAS, pursuant to Rule 32.2(b), the United States
15  having requested the authority to take custody of the
16  following property is found forfeitable by the
17  Court, namely:

18  **(1) $24,700.00 in U.S. Currency; and**

19  WHEREAS, the United States, having submitted the Order
20  herein to the Defendant through his attorney of record, to
21  review, and no objections having been received;

22  Accordingly, IT IS HEREBY ORDERED, ADJUDGED
23  AND DECREED:

24  1. Based upon the guilty plea of the Defendant, the
25  United States is hereby authorized to take custody and
26  control of the following asset, and all right, title and
27  interest of Defendant in the following property is hereby
28  forfeited to the United States for disposition in

2

14cr1023

accordance with the law, subject to the provisions of
21 U.S.C. § 853(n):

### (1) $24,700.00 in U.S. Currency.

2.   The aforementioned forfeited asset is to be held by
Customs and Border Protection ("CBP") in its secure custody
and control.

3.   Pursuant to Rule 32.2(b) and (c), the United States
is hereby authorized to begin proceedings consistent with
any statutory requirements pertaining to ancillary hearings
and rights of third parties.

4.   Pursuant to the Attorney General's authority under
21 U.S.C. § 853(n)(1), Rule 32.2(b)(3), Fed. R. Crim. P.,
and Rule G(4) of the Supplemental Rules for Admiralty or
Maritime   Claims   and   Asset   Forfeiture   Actions,   the
United States   forthwith   shall   publish   for   thirty   (30)
consecutive days on the Government's forfeiture website,
www.forfeiture.gov, notice of this Order, notice of CBP's
intent to dispose of the property in such manner as the
Attorney General may direct, and notice that any person,
other   than   the   Defendant,   having   or   claiming   a   legal
interest in the above-listed forfeited property must file a
petition with the Court within thirty (30) days of the
final publication of notice or of receipt of actual notice,
whichever is earlier.

5.   This notice shall state that the petition shall be
for   a   hearing   to   adjudicate   the   validity   of   the
petitioner's alleged interest in the property, shall be
signed by the petitioner under penalty of perjury, and

3                              14cr1023

shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6.   The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture.

7.   Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED:

6-16-14

_____
HONORABLE JOHN A. HOUSTON
United States District Judge

4

14cr1023